11-5054-cv (L)
Gelwan v. Vermont Mutual

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

Lloyd A. Gelwan,

> *Plaintiff-Appellant-Cross-Appellee*,

v.

Vermont Mutual Insurance Company,

> *Defendant-Appellee-Cross-Appellant*.

_____

11-5054-cv (Lead)
11-5196-cv (XAP)


FOR APPELLANT:        LLOYD A. GELWAN, New York, New York.

FOR APPELLEES:        JOSEPH T. DOYLE, JR. (Matthew W. Perkins, *on the brief*), Lecomte, Emanuelson and Doyle, Quincy, Massachusetts.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Lawrence M. McKenna, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED.

Lloyd A. Gelwan brought this action against Vermont Mutual Insurance Company after the parties failed to settle Gelwan's claims arising from water damage to his summer home in Massachusetts, on which Gelwan held an insurance policy issued by Vermont Mutual. After a bench trial, the district court (Lawrence M. McKenna, J.) awarded Gelwan $130,997.75, representing actual damages plus prejudgment interest on his breach of contract claim, but found that Vermont Mutual had not committed unfair claims settlement practices and thus declined to award multiple damages. Gelwan now appeals the denial of his unfair claims settlement claim and also raises various damages issues; Vermont Mutual cross-appeals as to liability. We assume familiarity with the factual and procedural history of the case and the issues on appeal, and we recount only what is necessary to explain our disposition.

We turn first to both sides' liability arguments. Vermont Mutual contends that it was largely not liable under the policy, while Gelwan contends that it was so obviously liable that its failure to settle the claim after liability had become "reasonably clear" violated Mass. Gen. Laws ch. 176D, § 3(9)(f), triggering multiple damages under Mass. Gen. Laws ch. 93A, § 9 because the failure to settle was "willful or knowing." The parties do not dispute the actual sequence of events that caused the damage: in 1999, a contractor re-roofed the house but did a poor job, creating an imperfect seal against water; over the course of several years, various structures within the house were damaged by water and consequent rotting of structural beams and joists, even after additional work in 2001 to repair the roof. The parties also do not seriously contest

2

that Gelwan's policy covers water damage. Instead, they disagree whether the district court, relying on the doctrine of efficient proximate causation in Massachusetts insurance law, properly found that the damage was legally caused by water, a covered risk, rather than by rot or faulty workmanship, which the policy lists as exclusions.

We see no error in the district court's application of the doctrine of efficient proximate cause under Jussim v. Massachusetts Bay Insurance Co., 610 N.E.2d 954 (Mass. 1993). That case holds that when a covered risk causes an excluded risk, "there will be coverage even though the final form of the property damage, produced by a series of related events, appears to take the loss outside of the terms of the policy," id. at 955-56, at least absent clear contractual language to the contrary, see id. at 957-58. Here, the district court properly found the policy's rot exception inapplicable where the rot was caused by prior, covered water damage. Although the roof had been poorly laid, the policy language covered ensuing losses from faulty workmanship if such losses were insured risks under the policy, and the district court therefore found that the covered water damage fell within the ensuing-loss exception. Furthermore, the question of proximate cause is quintessentially factual, not legal. Solimene v. B. Grauel & Co., K.G., 507 N.E.2d 662, 665 (Mass. 1987) ("Generally, questions of causation, proximate and intervening, present issues for the jury to decide."). We cannot find clear error in the district court's determination, after a 13-day bench trial, that water, rather than faulty workmanship, proximately caused the damage. However, given the demanding factual and legal analysis necessary to resolve the dispute, we also cannot say that liability should have been so clear to Vermont Mutual that its failure to settle was unfair, in violation of Mass. Gen. Laws ch. 176D, § 3(9)(f), or that the district court was compelled to find that Vermont Mutual's failure to offer settlement sooner amounted to a

3

"willful or knowing" violation necessary to trigger multiple damages under Mass. Gen. Laws ch. 93A, § 3.[1]

We turn next to Gelwan's damages arguments. At the outset, we note that although Gelwan produced significant evidence about the costs of repairing the house, the district court found that Gelwan had not sufficiently shown which of his damages stemmed from covered risks. The district court needed only to make a reasonably precise calculation of damages based on what Gelwan was able to show by a preponderance of the evidence. See, e.g., Stuart v. Town of Brookline, 587 N.E.2d 1384, 1387 (Mass. 1992) (some uncertainty with respect to damages will not bar recovery); accord Boyce v. Soundview Tech. Group, Inc., 464 F.3d 376, 391 (2d Cir. 2006). We find no clear error in the district court's calculation of the principal damages award, which was not only based on a reasonable estimate of expenses up to a certain point plus costs to complete repairs, but also (after the inclusion of prejudgment interest) nearly equals Gelwan's own pretrial demand of $150,000.[2]

However, Gelwan also appeals the district court's failure to account for three minor damages claims unrelated to, and therefore unaccounted for in, the main damages award. These include a claim for reimbursement for personal property damage (under a separate section of the policy) for $751.23; a claim for unpaid recoverable holdback, i.e., money to be paid at the completion of repairs, of $2946.51; and a claim that Vermont Mutual erroneously charged the

---

[1] We also reject Gelwan's contention that the district's failure to find a violation of ch. 176D, § 3(9) or ch. 93A, § 3 for alleged procedural irregularities in adjudicating Gelwan's claim rested on a clearly erroneous view of the facts or legal error.

[2] Because they are also attributable to the overall cost of repairs and depend on the same evidence that the district court relied on for calculating the award, we also reject Gelwan's arguments that the district court erred by failing to specifically add to his damages the costs of removing a skylight, excess electric energy spent during repairs, and cleaning.

4

Policy's $500 deductible twice. Gelwan presented significant evidence, including testimony by Vermont Mutual's claim manager, Richard Delaney, showing his prima facie entitlement to these amounts. As to the personal property damage and recoverable holdback figures, Vermont Mutual now argues that the district court must have subsumed these amounts into the main damages award but offers no record evidence demonstrating either that the court did so or should have done so. Given the absence of countervailing evidence and argument on appeal as to the personal property and recoverable holdback amounts, we are persuaded that the district court clearly erred by not adding these two figures to the total damages award.[3] However, because Vermont Mutual introduced testimony reasonably supporting the conclusion that it had charged Gelwan only one deductible, we are persuaded that the district court did not clearly err by failing to add $500 to the award.

Finally, Gelwan argues that the district court erred in setting the date from which prejudgment interest should run. Although Gelwan cites a single federal case for this point, he has not even cited the relevant Massachusetts statute, Mass. Gen. Laws ch. 231, § 6C, much less offered an interpretation of its language in light of the facts of the case. Moreover, he has failed to argue how, as a matter of law, an October demand could trigger interest on failure to pay for injuries some of which did not occur until November. We therefore deem the argument forfeited

---

[3] The record includes two different figures for recoverable holdback: $2464.44, referenced in an August 25, 2005 letter to Gelwan from Peter Venie, a claims adjuster working on behalf of Vermont Mutual; and $2946.51, referenced in a January 30, 2006 letter to Gelwan from Roger Emanuelson, attorney for Vermont Mutual. Gelwan requested the larger amount below, and Vermont Mutual did admit below in post-trial briefing that it had never paid at least the smaller amount. Because Vermont Mutual now offers no argument for why the larger amount, calculated after the November 2005 storm and resulting damage, is not correct, and because Emanuelson's letter admitted Gelwan's entitlement to the larger amount, we conclude that the larger figure of $2946.51 is proper.

5

on appeal.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs . . . normally will not be addressed on appeal.").

For the foregoing reasons, the judgment of the district court is AFFIRMED as to liability and VACATED as to damages.  The case is REMANDED with instructions to recalculate the amount of damages and interest in a manner consistent with this order.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk